IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Valerie Donnelly, ) | C/A No. 8:15-737-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| C. McFerrin Smith, III, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Valerie Donnelly ("Plaintiff"), proceeding pro se, brings this civil action alleging that Defendant violated federal discovery acts and Florida rules and regulations related to probate matters. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges she resides in South Carolina and is seventy-five years old and disabled. [Doc. 12 at 1.] She alleges she is the daughter of the late Olga Mescia whose Will and Testament has been probated in Florida. [Doc. 1-2 at 1.] She alleges Defendant is a state probate judge who was assigned to, and did handle, the Estate of Olga Mescia. [*Id.*] Plaintiff contends that her late mother's estate was worth more than One million dollars, and she was supposed to receive one-fourth of the assets in addition to a piano, diamond ring, and gold bracelet. [Doc. 12 at 2.] However, Plaintiff allegedly only received a check from the estate in the amount of $29,197.50, which she refused to accept. [*Id.*] Plaintiff contends that Defendant had a conflict of interest and bias and should not have been the assigned judge to handle her late mother's estate. [*Id.*] She contends Defendant "*failed again to comply* with the last requests of Plaintiff's late Mother, but to *disassemble*

*the last Will & Testament to deny Plaintiff her duly owed inheritances* . . . ." [Doc. 12 at 2 (emphasis in original).]  Also, Defendant allegedly wrongfully denied ". . . all Motions, Petitions and Four Motion to Recuse himself. . . ." [*Id.*]

Although Plaintiff allegedly mailed a "Petition for Answers"[1] to Defendant and requested a response by November 20, 2014, Defendant did not respond to Plaintiff's questions. [Doc. 1-2 at 1–2.] Plaintiff allegedly then filed the "Petition for Answers" with the Clerk of Court in Volusia County, Florida in order to require Defendant to explain why he failed to respond to her questions; more than 125 days have passed with no response by Defendant. [*Id.*]

For her relief, Plaintiff requests $500 in damages. [Doc. 1-2 at 2.]  Plaintiff also seeks injunctive relief for this Court to order Defendant to answer her questions and respond to her discovery request—the "Petition for Answers." [*Id.*]

In response to this Court's Special Interrogatories, Plaintiff explained why she contends this Court has jurisdiction over this lawsuit.  She apparently asserts diversity jurisdiction because she resides in South Carolina and she mailed the discovery request from South Carolina to Florida.  [Doc. 12 at 1.]  Plaintiff also appears to rely on federal question jurisdiction by contending that this lawsuit was filed based on the federal statute that permits the discovery of documents. [*Id.*]

---

[1]Plaintiff submitted a copy of the "Petition for Answers" that she allegedly served on Defendant.  [Doc. 1-3 at 2–3.]  Therein, she requests an answer from Defendant as to why he did not follow the Will and Testament of Olga Mescia with respect to Plaintiff, because after more than four years she has only received a check for $52,743.40, even though the estate was worth approximately One million dollars. [*Id.*]

2

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Plaintiff presumably brings this lawsuit in this United States Court based on federal question jurisdiction alleging that Defendant violated a federal discovery statute and based on diversity jurisdiction. However, her allegations are insufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted). Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, -F.3d-, 2015 WL 1088931, at *3 (4th Cir. March 13, 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

If a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).

Here, as noted above, Plaintiff alleges Defendant violated a federal discovery statute without specifically alleging which statute. Plaintiff seems to put the cart before the horse; first, a plaintiff must allege sufficient factual allegations to state a plausible claim that a federal law or rule was violated, and thereafter discovery may proceed on the claim. *See Francis*, 588 F.3d at 193 n.2 (explaining that complaints should be evaluated early in the litigation process so that costly discovery is only conducted on plausible claims); *Avery v. McCall-Tanner*, C/A No. 9:14-37-DCN-BM, 2014 WL 5365731, at *7 (D.S.C. Oct. 21, 2014) (noting that discovery seeks to demonstrate the truth of the alleged facts); *see also* Fed. R. Civ. P. 26 (indicating that generally discovery occurs after parties have been served and have conferred). In other words, discovery is authorized under federal court rules but only after a complaint has been served on a defendant and the complaint contains sufficient factual allegations to allow the claim to proceed to discovery. *See Avery*, 2014 WL 5365731, at *7 n.5. From a review of the Complaint, this Court cannot discern a plausible violation of a federal statute or rule. Thus, this Court does not have federal question subject matter jurisdiction over this lawsuit.

Of course, this Court may have subject matter jurisdiction over a state law claim—such as an alleged violation of Florida law—under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West*

5

*Virginia Energy Co.*, 636 F.3d at 103. Here, complete diversity appears to exist because it appears that Plaintiff is domiciled in South Carolina and Defendant is domiciled in Florida. However, because Plaintiff seeks $500 in damages, the amount in controversy is not satisfied.[2] Thus, this Court does not have diversity subject matter jurisdiction over this action.

In any event, even if Plaintiff sufficiently alleges subject matter jurisdiction, this action should be dismissed based on judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff alleges that Defendant is a Florida probate judge who handled the estate of his late mother in Volusia County, Florida. Plaintiff alleges that

---

[2] Even if Plaintiff had alleged a sufficient amount in controversy based on the value of the estate, there is a probate exception as a jurisprudential limit on diversity jurisdiction. *See Turja v. Turja*, 118 F.3d 1006, 1008–10 (4th Cir. 1997).

Defendant erred during the handling of the estate by giving her a reduced inheritance and wrongfully denied certain motions. Thus, because Defendant's alleged misconduct arose out of his judicial actions, judicial immunity squarely applies and should bar this lawsuit.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

April 7, 2015                              s/ Jacquelyn D. Austin
Greenville, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).